REVERSED AND REMANDED.

**Dr. David C. FARSHY, Plaintiff-Appellant,**

v.

**Alan CAMPBELL, as Chairman of the United States Civil Service Commission, William F. Foege, as the Director of the Center for Disease Control, Patricia R. Harris, Secretary of Health and Human Resources, Defendants-Appellees.**

No. 78–2972.

United States Court of Appeals, Fifth Circuit. Unit B

March 5, 1981.

David C. Farshy, pro se.

William L. Harper, U. S. Atty., Robert J. Castellani, 1st Asst. U. S. Atty., Carl H. Harper, Regional Atty., Myles E. Eastwood, J. Diane Everett, Asst. Regional Attys., Atlanta, Ga., for defendants-appellees.

Before GODBOLD, Chief Judge, TUTTLE and HILL, Circuit Judges.

PER CURIAM:

Farshy was a research microbiologist at the Communicable Disease Center, an agency of the Department of Health, Education and Welfare. In the district court he sought review of agency determinations that (1) upheld the classification of his job description; (2) denied him a within-grade pay increase; (3) upheld his unsatisfactory performance rating; (4) upheld his dismissal from employment; (5) upheld CDC's resolution of various grievances. Also he contended, under 28 U.S.C. § 1331, that he had been denied constitutional rights in CDC's employment decisions. The district court granted summary judgment for the defendants. We affirm.

The record consists of approximately 15 volumes, more than 5,000 pages. The district judge required the defendants to file briefs relating the law to the facts and then entered a careful, precisely drawn opinion supporting the summary judgment. It will serve no purpose to restate here the myriad details and many facets of Farshy's long simmering dispute with his employer, the government. Rather we approach his contentions in more generalized fashion.

 In numerous respects Farshy contends that agency procedures have not been properly followed, in others that the agency acted in bad faith and without substantial evidence. With respect to some of his complaints Farshy has not demonstrated that he suffered any prejudice, which is a prerequisite to reversal. *Surprise Brassiere Co. v. FTC*, 406 F.2d 711, 714 (5th Cir. 1969); *Pacific Molasses Co. v. FTC*, 356 F.2d 386, 389–90 (5th Cir. 1966). In other matters,[1] there is no showing that the agency employed inappropriate factors or was arbitrary or capricious in its conclusions.

 On his claim that he was denied open and formal hearing on review of his performance rating, neither the statute then in effect, 5 U.S.C. § 4305(d), nor the Constitution requires the full spectrum of a judicial due process proceeding.

 Farshy contends he was unlawfully dismissed. Nearly all of his arguments relate to evidentiary matters. We agree with the district court that substantial evidence on the record as a whole supports the agency's action.

 The claim that the agency violated Farshy's First Amendment rights by refusing to publish his research papers is frivolous.

 Farshy has raised one point that brought on considerable discussion at oral argument and caused the court to call for supplemental briefs. Under 5 U.S.C. § 4305(a) an employee can seek an impartial review of his performance rating within the agency, and he can appeal this informal review to a Board of Review. The agency assigned an employee to investigate or review Farshy's unsatisfactory performance rating and to make a report and recommendation to the Office of Personnel and Training of the Office of the Secretary of HEW. The employee investigated the matter and recommended changing Farshy's rating to satisfactory. The Director of OPT reviewed the material submitted and the recommendation and concluded that the unsatisfactory rating should be sustained; also he told Farshy of his right to an appeal to the Board of Review. Farshy contends that the report and recommendation by the employee constituted the in-agency review and that the Director of OPT could not decline to follow it. We agree with the defendants that the "one impartial review" within the agency could be bifurcated into a review and recommendation done by an employee and a final decision by the Director, this latter decision being the final agency action

---

1. Such as the claim that his job description did not accurately describe his duties, causing him to have a lower GS rating than he should have had, and his claim that he was arbitrarily denied a within-grade salary increase.

that triggers the right to an appeal to the Board of Review.

We have fully considered and reviewed Farshy's contentions, recognizing that he appears pro se and has great difficulty in appreciating the complexities of the rules and procedures—regulations, statutory, and constitutional—that relate to his claims. We find no constitutional error and no basis on which to set aside agency action.

AFFIRMED.